1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, SOLUTIA, INC. and PHARMACIA CORPORATION, and DOES 1 through 100,<br><br>Defendants. | Case No. 2:17-cv-00053<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## GENERAL DENIAL

Defendants Monsanto Company, Solutia, Inc., and Pharmacia LLC[1] ("Defendants"[2]), by and through their undersigned counsel, submit the following Answer to the State of Washington's ("Plaintiff" or "State") Complaint. Except as expressly admitted herein, Defendants deny each and every allegation contained in Plaintiff's Complaint and deny that Plaintiff is entitled to any relief requested.

---

[1] Pharmacia LLC is incorrectly identified as "Pharmacia Corporation" in the Complaint.

[2] Old Monsanto is the former Monsanto Company that manufactured and sold PCBs from 1935 to 1977. The PCB business was "spun-off" to Solutia in 1997. The current Monsanto Company (sometimes referred to as "New Monsanto") first came into existence in 2000. Neither Solutia nor the current Monsanto Company ever manufactured or sold PCBs. Old Monsanto is currently Pharmacia LLC. *See* Defendants' answers to paragraphs 21-28 below concerning the corporate history of the three entities named as Defendants.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 1

SCHWABE, WILLIAMSON & WYATT, P.C.<br>Attorneys at Law<br>1420 5th Avenue, Suite 3400<br>Seattle, WA 98101-4010<br>Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

# I.     INTRODUCTION

1.     Defendants deny the allegations in paragraph 1.

2.     Defendants deny the allegations in paragraph 2.

3.     Defendants deny the inaccurate characterization by Plaintiff of the Toxic Substances Control Act ("TSCA"), as the terms of which speak for themselves.  Defendants deny the allegations regarding Old Monsanto inasmuch as Old Monsanto began a program of voluntarily terminating sales of PCBs for uses other than in electrical equipment in the early 1970s, approximately nine years before regulations promulgated pursuant to the United States Environmental Protection Agency's "EPA") rulemaking authority under TSCA became effective in 1979.  Defendants also deny the allegations regarding Old Monsanto inasmuch as Old Monsanto ceased all manufacturing of PCBs in 1977, two years before such regulations became effective.  Defendants also deny that Old Monsanto was the sole manufacturer of PCBs in the United States.  Defendants admit that "Aroclor" was a trademark for certain PCB and non-PCB compounds, but deny the remaining allegations in paragraph 3.

4.     Defendants admit that PCBs were used by third-parties in certain industrial and commercial applications, but deny the remaining allegations of paragraph 4.

5.     Defendants deny the allegations in paragraph 5.

6.     Defendants deny the allegations in paragraph 6.[3]

7.     Defendants deny the allegations in paragraph 7.

8.     Defendants deny the allegations in paragraph 8.  Defendants further deny that the Plaintiff has pled a claim for natural resource damages.

---

[3]  Plaintiff's reference in Paragraph 6 and throughout its Complaint to "Monsanto's PCBs" is misleading and unsupported and lacks any factual basis.  The source of PCBs within the State of Washington is not known by Plaintiff and may include non-"Old Monsanto" sources, including but not limited to other domestic and international producers of PCBs and the ongoing post-1979 inadvertent production of PCBs through various manufacturing processes.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

9.      Defendants deny the allegations in the first and second sentences of paragraph 9. Defendants lack sufficient knowledge to admit or deny the allegations in the third sentence of paragraph 9, and deny on that basis.

10.     Defendants deny the allegations in paragraph 10.

**II.     PARTIES**

11.     Defendants admit that Plaintiff has filed a lawsuit seeking monetary damages and other forms of relief.  Defendants deny that "Monsanto's PCBs" have caused or created a public nuisance.  Plaintiff's Complaint speaks for itself, and no further response is required. To the extent a response is required, Defendants deny all remaining allegations in paragraph 11.

12.     The allegations in paragraph 12 are vague and too generally stated to be verified, and Defendants deny the same.  Defendants also lack sufficient knowledge to admit or deny the allegations in paragraph 12, and deny on that basis.

13.     The allegations in paragraph 13 are vague and too generally stated to be verified, and Defendants deny the same.  Defendants also lack sufficient knowledge to admit or deny the allegations in paragraph 13, and deny on that basis.

14.     The allegations of paragraph 14 constitute Plaintiff's characterization of its own Complaint and are legal conclusions which do not require a response.  To the extent a response is required, Defendants deny the allegations in paragraph 14.

15.     The allegations in the first clause of the first sentence of paragraph 15 constitute Plaintiff's characterization of its own Complaint and are legal conclusions which do not require a response.  To the extent a response is required, Defendants deny the allegations in the first clause of the first sentence of paragraph 15.  Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 15, and deny on that basis.  Defendants further deny that the Plaintiff has pled a claim for natural resource damages.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

16.     The allegations in paragraph 16 constitute Plaintiff's characterization of its own Complaint and are legal conclusions which do not require a response.  Defendants deny the allegations in the first clause of the first sentence.  To the extent a response is required, Defendants deny all allegations in paragraph 16.  Defendants further deny that the Plaintiff has pled a claim for natural resource damages.

17.     The allegations in paragraph 17 constitute Plaintiff's characterization of its own Complaint and are legal conclusions which do not require a response.  To the extent a response is required, Defendants deny the allegations in paragraph 17.

18.     The allegations in paragraph 18 constitute Plaintiff's characterization of its own Complaint and are legal conclusions which do not require a response.  To the extent a response is required, Defendants deny the allegations in paragraph 18.

19.     Defendants deny the allegations in paragraph 19.

20.     Defendants deny the allegations in the first sentence of paragraph 20.  Defendants lack sufficient knowledge to admit or deny the allegations in the second sentence of paragraph 20, and deny on that basis.  Defendants further deny that the Plaintiff has pled a claim for damages.

21.     Defendants admit that the current Monsanto Company is a Delaware corporation with its principal place of business in St. Louis County, Missouri.

22.     Defendants admit that Solutia Inc. is a Delaware corporation with its principal place of business in St. Louis County, Missouri.

23.     Defendants admit that Pharmacia LLC ("Pharmacia") is a citizen of the states of New York and Delaware.  Defendants admit that Pharmacia is an indirect, wholly owned subsidiary of Pfizer, but states that Pfizer and Pharmacia are and have remained separate and distinct entities.  The allegations in the third and fourth sentences of paragraph 23 constitute Plaintiff's characterization of its own Complaint, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the third and fourth

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

sentences of paragraph 23.  Defendants deny all remaining allegations of paragraph 23.

24.     Defendants admit that the original Monsanto Company, "Old Monsanto," (n/k/a Pharmacia LLC) once operated agricultural, chemical, and pharmaceutical businesses, that the chemicals business was spun-off to Solutia in 1997, that since 2000 the present/current Monsanto Company has operated the agricultural business and that Pharmacia retained the pharmaceutical business.  Defendants admit that Old Monsanto commenced manufacturing PCBs in 1935; that in the early 1970s, Old Monsanto began a program of voluntarily terminating sales of PCBs other than in electrical equipment applications; and that in 1977, Old Monsanto ceased all manufacturing of PCBs. Defendants deny all remaining allegations of paragraph 24.

25.     Defendants incorporate their response to paragraph 24 above and deny all remaining allegations of paragraph 25.

26.     Defendants admit that certain assets and liabilities relating to Pharmacia's commercial chemical business were transferred to Solutia in 1997 and that the rights and responsibilities of the parties related to that transfer are detailed in various complex corporate transactional and legal documents publicly and otherwise available to Plaintiff, the terms of which speak for themselves; thus, no further answer is required.  Defendants deny all remaining allegations of paragraph 26.

27.     Defendants admit that they have entered into certain complex corporate transactions and agreements, which determine their respective legal and/or financial responsibilities, if any, for claims arising from Old Monsanto's manufacture and sale of PCBs.  Defendants deny all remaining allegations of paragraph 27.

28.     Defendants admit that Solutia filed a bankruptcy petition in 2003 and ultimately emerged from bankruptcy in 2008.  The rights and responsibilities of the parties to the transaction are detailed in various, complex corporate transactional and legal documents publicly and otherwise available to Plaintiff, the terms of which speak for themselves; thus

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 5

PDX\112389\220249\JCA\19841052.1

no further answer is required.  Defendants deny all remaining allegations of paragraph 28.

29.     The allegations in paragraph 29 purport to characterize New Monsanto Company's Form 10-K (for the fiscal year ending August 31, 2016), which speaks for itself and is the best evidence of its contents.  Defendants admit that the Form 10-K cited in paragraph 29 includes the language quoted in part in paragraph 29, but deny all remaining allegations in paragraph 29 and further state that Plaintiff's characterization of the document is inaccurate, misleading, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

30.     The allegations of paragraph 30 constitute Plaintiff's characterization of its own Complaint, to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 30 because Plaintiff improperly conflates the three separate and distinct corporations that it chose to sue and calls them the "Defendants" as if all three manufactured PCBs.  Defendants deny any remaining allegations of paragraph 30.

**III.    JURISDICTION AND VENUE**

31.     The allegations in paragraph 31 are denied on the grounds set forth in Defendants' Notice of Removal, filed in the Western District of Washington on January 12, 2017.

32.     Defendants incorporate their response to paragraph 31 above, and deny all remaining allegations of paragraph 32.

**IV.    FACTUAL ALLEGATIONS**

   **A.    PCBs are Toxic Chemicals that Cause Environmental Contamination[4] [Denied – *see, e.g.*, response to paragraphs 2 and 5 above and to paragraph 49 below]**

33.     Defendants admit that PCBs are a class of chlorinated organic chemical

---

[4] Defendants have included Plaintiff's section headings solely for ease of reference. Defendants do not admit the correctness of any of the headings.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

compounds, comprising the potential for 209 different chemical compounds, which are separately identified by number (*e.g.,* PCB 180, PCB 118, PCB 153, etc.).  Each individual PCB compound is known as a different "congener."  Defendants deny all remaining allegations of paragraph 33.

34.     Defendants admit that Old Monsanto commenced manufacturing PCBs in 1935 after acquisition of the Swann Chemical Company and that a trade name for PCBs and also for certain non-PCB products was "Aroclor."  In the early 1970s, Old Monsanto began a program of voluntarily terminating sales of PCBs for uses other than in electrical equipment applications.  Old Monsanto ceased all manufacturing of PCBs in 1977.  Defendants deny all remaining allegations of paragraph 34.

35.     Defendants admit that PCBs were sold in bulk to sophisticated entities, and that chemical companies, electrical equipment manufacturers, and other manufacturers, which were aware of the chemical and physical properties of PCBs, were among them.  Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 35, and deny on that basis.

36.     The allegations of paragraph 36 constitute Plaintiff's characterization of its own Complaint, to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 36.

37.     Defendants deny the allegations of paragraph 37.

38.     Defendants deny the allegations of paragraph 38.

39.     Defendants admit that, depending upon the nature of alleged exposure and extent of dose, PCBs can, in theory, enter a human body.  All remaining allegations in paragraph 39 are overbroad and vague hypotheticals of potential exposure, and Defendants deny on that basis.

40.     Defendants admit that EPA has published reports and/or promulgated regulations regarding PCBs, including discussions about possible carcinogenicity in humans;

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

but deny that PCBs are carcinogenic or that EPA or any other regulatory agency or entity or person has established with good and reliable science that PCBs are carcinogenic. Defendants deny all remaining allegations of paragraph 40.

41.     Defendants admit that the International Agency for Research on Cancer published an evaluation regarding PCBs, including carcinogenic risks to humans. Defendants admit that the publication cited in paragraph 41 includes the language quoted in paragraph 41, but deny all remaining allegations in paragraph 41 and further deny that PCBs are carcinogenic or that the International Agency for Research on Cancer or any other regulatory agency or entity or person has established with good and reliable science that PCBs are carcinogenic.

42.     Defendants admit that EPA has promulgated regulations and/or published reports regarding PCBs, including toxicity.  Defendants deny all remaining allegations of paragraph 42.

43.     Defendants deny the allegations of paragraph 43.

44.     Defendants deny the allegations of paragraph 44.

45.     Defendants deny the allegations of paragraph 45.

46.     Defendants deny the allegations of paragraph 46.

47.     Defendants admit that the Agency for Toxic Substances and Disease Registry has published statements regarding PCBs and possible human health effects.  Defendants deny all remaining allegations of paragraph 47.

48.     Defendants deny the allegations of paragraph 48.

**B.     Monsanto Has Long Known of PCBs' Toxicity [Denied – *see, e.g.,* response to paragraphs 2 and 5 above and to paragraph 49 below]**

49.     Defendants deny the allegations of paragraph 49.  Defendants further deny that "toxicity" of a chemical, including PCBs, has any meaning without context as to the nature and extent of exposure and dose.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

50.     The allegations in paragraph 50 purport to characterize a memorandum, which speaks for itself and is the best evidence of its contents.  Defendants admit that the memorandum cited in paragraph 50 includes the language quoted in paragraph 50, but deny all remaining allegations in paragraph 50 and further state that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.  Defendants further incorporate their response to paragraph 49 above.

51.     The allegations in paragraph 51 purport to characterize a memorandum, which speaks for itself and is the best evidence of its contents.  Defendants admit that the memorandum cited in paragraph 51 includes the language quoted in paragraph 51, but deny all remaining allegations in paragraph 51 and further state that Plaintiff's characterization of the document is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.  Defendants further incorporate their response to paragraph 49 above.

52.     The allegations in paragraph 52 purport to characterize a document, which speaks for itself and is the best evidence of its contents.  Defendants admit that the document cited in paragraph 52 includes the language quoted in paragraph 52, but deny all remaining allegations in paragraph 52 and further state that Plaintiff's characterization of the document is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.  Defendants further incorporate their response to paragraph 49 above.

53.     The allegations in paragraph 53 purport to characterize a memorandum, which speaks for itself and is the best evidence of its contents.  Defendants admit that the memorandum includes the language quoted in paragraph 53, but deny all remaining allegations in paragraph 53 and further state that Plaintiff's characterization of the document is inaccurate, subjective, and self-serving and that the limited sentence cherry-picked by Plaintiff is incomplete and presented out-of-context.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 9

PDX\112389\220249\JCA\19841052.1

54.     The allegations in paragraph 54 purport to characterize a document, which speaks for itself and is the best evidence of its contents.  Defendants admit that the document includes the language quoted in paragraph 54, but deny all remaining allegations in paragraph 54 and further state that Plaintiff's characterizations of the document are inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

55.     Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 55, and deny on that basis.  The remainder of paragraph 55 purports to characterize a memorandum, which speaks for itself and is the best evidence of its contents.  Defendants admit that the memorandum cited in paragraph 55 includes the language quoted in paragraph 55, but deny all remaining allegations in paragraph 55 and further state that Plaintiff's characterization of the memorandum is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

**C.     Monsanto Has Long Known that PCBs Were "Global Contaminants" Causing Harm to Animals and Fish [Denied]**

56.     The allegations in paragraph 56 are vague and too generally stated to be verified, and Defendants thus deny the same.

57.     The allegations in paragraph 57 purport to characterize a document, which speaks for itself and is the best evidence of its contents.  Defendants admit that the article cited in paragraph 57 includes the language quoted in paragraph 57, but deny all remaining allegations in paragraph 57 and further state that Plaintiff's characterization of the article is inaccurate, subjective, and self-serving and that the limited sentence cherry-picked by Plaintiff is incomplete and presented out-of-context.

58.     The allegations in paragraph 58 purport to characterize an article, which speaks for itself and is the best evidence of its contents.  Defendants admit that the article

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 10

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

cited in paragraph 58 includes the language quoted in paragraph 58, but deny all remaining allegations in paragraph 58 and further state that Plaintiff's characterization of the article is inaccurate, subjective, and self-serving and that the limited sentence cherry-picked by Plaintiff is incomplete and presented out-of-context.

59.     Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 59, and deny on that basis.  The allegations in paragraph 59 purport to characterize a memorandum discussing an article, both of which speak for themselves and are and the best evidence of their contents.  Defendants admit that the memorandum cited in paragraph 59 includes the language quoted in paragraph 59, but deny all remaining allegations in paragraph 59 and further state that Plaintiff's characterization of the memorandum is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

60.     Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 60, and deny on that basis.  The remainder of that paragraph purports to characterize a memorandum, which speaks for itself and is the best evidence of its contents.  Defendants admit that the memorandum cited in paragraph 60 includes the language quoted in paragraph 60, but deny all remaining allegations in paragraph 60 and further state that Plaintiff's characterization of the memorandum is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

61.     Defendants deny the allegations in the first sentence of paragraph 61.  The remainder of that paragraph purports to characterize a memorandum, which speaks for itself and is the best evidence of its contents.  Defendants admit that the memorandum cited in paragraph 61 includes the language quoted in paragraph 61, but deny all remaining allegations in paragraph 61 and further state that Plaintiff's characterization of the memorandum is inaccurate, subjective, and self-serving and that the limited sentences

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 11

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

cherry-picked by Plaintiff are incomplete and presented out-of-context.

62.     Defendants deny the allegations in the third sentence of paragraph 62.  The remainder of paragraph 62 purports to characterize meeting minutes, which speak for themselves and are the best evidence of their contents.  Defendants admit that the document cited in paragraph 62 includes the language quoted in paragraph 62 and that the document states "First Meeting" of the "Aroclor 'Ad Hoc' Committee," but deny all remaining allegations in paragraph 62 and further state that Plaintiff's characterization of the document is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

63.     Defendants deny the allegations of the first sentence of paragraph 63.  The remainder of paragraph 63 purports to characterize a report, which speaks for itself and is the best evidence of its contents.  Defendants admit that the report cited in paragraph 63 includes the language quoted in paragraph 63, but deny all remaining allegations in paragraph 63 and further state that Plaintiff's characterization of the document is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

64.     Defendants deny the allegations of paragraph 64.

65.     Defendants deny the allegations of the first sentence of paragraph 65.  The second sentence is vague and incomprehensible, and Defendants thus deny the allegations of that sentence.  The remainder of paragraph 65 purports to characterize an unspecified report, which speaks for itself and is the best evidence of its contents.  Defendants admit that the document cited in paragraph 65 includes the language quoted in paragraph 65, but deny all remaining allegations in paragraph 65 and further state that Plaintiff's characterization of the document is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

66.     Paragraph 66 purports to characterize a report, which speaks for itself and is

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 12

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

the best evidence of its contents.  Defendants admit that the report cited in paragraph 66 includes the three objectives listed in paragraph 66, but deny all remaining allegations in paragraph 66 and further state that Plaintiff's characterization of the report is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

67.     Paragraph 67 purports to characterize a memorandum, which speaks for itself and is the best evidence of its contents.  Defendants admit that the memorandum cited in paragraph 67 includes the language quoted in paragraph 67, but deny all remaining allegations in paragraph 67 and further state that Plaintiff's characterization of the memorandum is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

68.     Defendants deny the allegations of the first sentence of paragraph 68. Paragraph 68 purports to characterize statements, which speak for themselves and are the best evidence of their contents.  Defendants admit that the statements cited in paragraph 68 includes the language quoted in paragraph 68, but deny all remaining allegations in paragraph 68 and further state that Plaintiff's characterization of the testimony is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

69.     Defendants admit that Old Monsanto's PCB production peaked in 1970, that a substantial portion of such PCBs pounds were sold overseas, and that the majority of the PCBs sold for domestic use were used in closed electrical applications deemed necessary by the federal government to maintain the safety of the nation's power grid.  Old Monsanto began a program of voluntarily terminating sales of PCBs for uses other than in electrical equipment applications in the early 1970s.

70.     Defendants admit that in 1972, the Interdepartmental Task Force issued a report concerning PCBs.  Defendants further aver that the report concluded that: "The use of

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 13

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

1  PCBs should not be banned entirely.  Their continued use for transformers and capacitors in

2  the near future is considered necessary because of the significantly increased risk of fire and

3  explosion and the disruption of electrical service which would result from a ban on PCB use.

4  Also, continued use of PCBs in transformers and capacitors presents a minimal risk of

5  environmental contamination."  Paragraph 70 purports to characterize a report, which speaks

6  for itself and is the best evidence of its contents.  Defendants deny all remaining allegations

7  in paragraph 70 and further state that Plaintiff's characterization of the report is inaccurate,

8  subjective, and self-serving.

9       71.     The bulk of paragraph 71 purports to characterize a report of the U.S. EPA,

10  which speaks for itself and is the best evidence of its contents.  Defendants admit that the

11  report cited in paragraph 71 includes the language quoted in paragraph 71, but deny all

12  remaining allegations in paragraph 71 and further state that Plaintiff's characterization of the

13  document is inaccurate, subjective, and self-serving and that the limited sentence cherry-

14  picked by Plaintiff is incomplete and presented out-of-context.

15       72.     Defendants admit that Old Monsanto manufactured PCBs in bulk and

16  distributed PCBs under its trademarked name "Aroclor," and further aver that Solutia and the

17  present Monsanto Company were never involved in the manufacture or sale of PCBs.

18  Defendants admit that PCBs were sold in bulk to sophisticated entities, which were aware of

19  the chemical and physical properties of PCBs.  The remainder of paragraph 72 purports to

20  characterize a brochure, which speaks for itself and is the best evidence of its contents.

21  Defendants admit that the brochure cited in paragraph 72 includes uses of Aroclors included

22  in paragraph 72, but deny all remaining allegations in paragraph 72 and further state that

23  Plaintiff's characterization of the brochure is inaccurate, subjective, and self-serving and that

24  the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

25       73.     Paragraph 73 purports to characterize a brochure, which speaks for itself and

26  is the best evidence of its contents.  Defendants admit that the brochure cited in paragraph 73

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 14

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

1  includes the language quoted in paragraph 73, but deny all remaining allegations in

2  paragraph 73 and further state that Plaintiff's characterization of the brochure is inaccurate,

3  subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are

4  incomplete and presented out-of-context.

5      74.      Defendants deny the allegations of paragraph 74.

6      75.      Defendants deny the allegations in the first sentence of paragraph 75.  The

7  remainder of paragraph 75 purports to characterize a press release, which speaks for itself

8  and is the best evidence of its contents.  Defendants admit that the press release cited in

9  paragraph 75 includes the language quoted in paragraph 75, but deny all remaining

10 allegations in paragraph 75 and further state that Plaintiff's characterization of the press

11 release is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked

12 by Plaintiff are incomplete and presented out-of-context.

13     **D.      Monsanto Concealed the Nature of PCBs from Governmental Entities.
   [Denied]**

14     76.      Defendants deny the allegations of paragraph 76.

15     77.      Paragraph 77 purports to characterize a letter and reports, which speak for

16 themselves and are the best evidence of their contents.  Defendants admit that the letter and

17 reports cited in paragraph 77 include the language quoted in paragraph 77, but deny all

18 remaining allegations in paragraph 77 and further state that Plaintiff's characterizations of

19 the documents are inaccurate, subjective, and self-serving and that the limited sentences

20 cherry-picked by Plaintiff are incomplete and presented out-of-context.

21     78.      Paragraph 78 purports to characterize a letter, which speaks for itself and is

22 the best evidence of its contents.  Defendants admit that the letter cited in paragraph 78

23 includes the language quoted in paragraph 78, but deny all remaining allegations in

24 paragraph 78 and further state that Plaintiff's characterizations of the document is inaccurate,

25 subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are

26

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 15

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

incomplete and presented out-of-context.

79.     Paragraph 79 purports to characterize a memorandum, which speaks for itself and is the best evidence of its contents.  Defendants admit that the memorandum cited in paragraph 79 includes the language quoted in paragraph 79, but deny all remaining allegations in paragraph 79 and further state that Plaintiff's characterizations of the document is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

80.     Paragraph 80 purports to characterize a letter, which speaks for itself and is the best evidence of its contents.  Defendants admit that the letter cited in paragraph 80 includes the language quoted in paragraph 80, but deny all remaining allegations in paragraph 80 and further state that Plaintiff's characterizations of the document is inaccurate, subjective, and self-serving and that the limited sentences cherry-picked by Plaintiff are incomplete and presented out-of-context.

**E.      City of Seattle and City of Spokane**

81.     Defendants admit that the City of Seattle and the City of Spokane have filed federal lawsuits against Defendants related to alleged PCB contamination, *City of Seattle v. Monsanto Company, et al.*, Case No. 2:16-cv-00107-RSL, filed January 25, 2016, Hon. Robert S. Lasnik, and *City of Spokane v. Monsanto Company, et al.*, Case No. 2:15-cv-00201-SMJ, filed July 31, 2015, Hon. Salvador Mendoza, Jr.

82.     Defendants deny the allegations of paragraph 82, and further aver that it is not possible to segregate the alleged damages claimed by the Plaintiff from those claimed by the City of Seattle and City of Spokane in the federal lawsuits referenced in paragraph 81.

## FIRST CAUSE OF ACTION

## PUBLIC NUISANCE – RCW 7.48

83.     Defendants incorporate the answers to paragraphs 1 through 82 as though fully set forth herein.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 16

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

84. The allegations in paragraph 84 constitute Plaintiff's characterization of its own Complaint, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations of paragraph 85.

86. Defendants deny the allegations of paragraph 86.

87. Defendants deny the allegations of paragraph 87.

88. Defendants deny the allegations of paragraph 88.

89. Defendants deny the allegations of paragraph 89

90. Defendants deny the allegations of paragraph 90.

91. Defendants deny the allegations of paragraph 91.

92. Defendants deny the allegations of paragraph 92.

93. Defendants deny the allegations of paragraph 93.

94. Defendants deny the allegations of paragraph 94.

95. Defendants deny the allegations of paragraph 95.

96. Defendants deny the allegations of paragraph 96.

97. Defendants deny the allegations in the first and third sentences of paragraph 97. Defendants lack sufficient knowledge to admit or deny the allegations in the second sentence of paragraph 97, and deny on that basis.

98. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 98, and deny on that basis.

99. Defendants deny the allegations of paragraph 99.

100. Defendants deny the allegations of paragraph 100.

101. Defendants deny the allegations of paragraph 101.

## SECOND CAUSE OF ACTION

## PRODUCTS LIABILITY – DEFECTIVE DESIGN – RCW 7.72

102. Defendants incorporate the answers to paragraphs 1 through 101 as though

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 17

PDX\112389\220249\JCA\19841052.1

1   fully set forth herein.

2   103.    The allegations in paragraph 103 constitute Plaintiff's characterization of its

3   own Complaint, to which no response is required.  To the extent a response is required,

4   Defendants deny the allegations in paragraph 103.

5   104.    Defendants deny the allegations of paragraph 104.

6   105.    Defendants deny the allegations of paragraph 105.

7   106.    Defendants deny the allegations of paragraph 106.  Defendants also aver that

8   Old Monsanto had ceased production of PCBs two years before regulations promulgated

9   pursuant to EPA's rulemaking authority under TSCA became effective in 1979.

10   107.    Defendants deny the allegations of paragraph 107.

11   108.    Defendants deny the allegations of paragraph 108.

12   109.    Defendants deny the allegations of paragraph 109.

13   110.    Defendants deny the allegations of paragraph 110.

14   111.    Defendants deny the allegations of paragraph 111.

15   112.    Defendants deny the allegations of paragraph 112.

16   ### THIRD CAUSE OF ACTION

17   ### PRODUCTS LIABILITY – FAILURE TO WARN – RCW 7.72

18   113.    Defendants incorporate the answers to paragraphs 1 through 112 as though

19   fully set forth herein.

20   114.    The allegations in paragraph 114 constitute Plaintiff's characterization of its

21   own Complaint, to which no response is required.  To the extent a response is required,

22   Defendants deny the allegations in paragraph 114.

23   115.    Defendants deny the allegations of paragraph 115.

24   116.    Defendants deny the allegations of paragraph 116.

25   117.    Defendants deny the allegations of paragraph 117.

26   118.    Defendants deny the allegations of paragraph 118.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 18

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

119.    Defendants deny the allegations of paragraph 119.

120.    Defendants deny the allegations of paragraph 120.

121.    Defendants deny the allegations of paragraph 121.

122.    Defendants deny the allegations of paragraph 122.

123.    Defendants deny the allegations of paragraph 123.

124.    Defendants deny the allegations of paragraph 124.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE

125.    Defendants incorporate the answers to paragraphs 1 through 124 as though fully set forth herein.

126.    The allegations in paragraph 126 constitute Plaintiff's characterization of its own Complaint, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 126.

127.    Defendants deny the allegations of paragraph 127.

128.    Defendants deny the allegations of paragraph 128.

129.    Defendants deny the allegations of paragraph 129.

130.    Defendants deny the allegations of paragraph 130.

131.    Defendants deny the allegations of paragraph 131.

132.    Defendants deny the allegations of paragraph 132.

## FIFTH CAUSE OF ACTION

### EQUITABLE INDEMNITY

133.    Defendants incorporate the answers to paragraphs 1 through 132 as though fully set forth herein.

134.    The allegations in paragraph 134 constitute Plaintiff's characterization of its own Complaint, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 134.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 19

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

135.    The allegations in paragraph 135 are legal conclusions which do not require a response.  To the extent a response is required, Defendants deny the allegations in paragraph 135.

136.    Defendants deny the allegations of paragraph 136.

## SIXTH CAUSE OF ACTION

### STATUTORY TRESPASS – RCW 4.24.630

137.    Defendants incorporate the answers to paragraphs 1 through 136 as though fully set forth herein.

138.    The allegations in paragraph 138 constitute Plaintiff's characterization of its own Complaint, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 138.

139.    Defendants deny the allegations of paragraph 139.

140.    Defendants deny the allegations of paragraph 140.

141.    Defendants deny the allegations of paragraph 141.

142.    Defendants deny the allegations of paragraph 142.

## RELIEF REQUESTED

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the Complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses without assuming the burden of proof for issues where the burden would not ordinarily be upon the responding party.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    Plaintiff's alleged claims, and each of them, fail to state a claim upon which

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 20

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      Plaintiff's alleged claims are barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, those set forth in the Revised Code of Washington.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Repose)

3.      Plaintiff's alleged claims are barred, in whole or in part, by the applicable statutes of repose, including, but not limited to, those set forth in the Revised Code of Washington ("RCW").

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.      Plaintiff's alleged claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.      Plaintiff's alleged claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.      Plaintiff's alleged claims are barred, in whole or in part, because Plaintiff, by its conduct and actions, has waived each of the alleged claims for relief.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 21

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7.      Plaintiff's alleged claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

8.      Plaintiff's alleged claims are barred, in whole or in part, because, on information and belief, Plaintiff has consented to its alleged damages by its conduct and actions, including but not limited to its approval of cleanup and restoration projects involving PCBs.

## NINTH AFFIRMATIVE DEFENSE

### (Improper Defendant)

9.      Plaintiff improperly named "Pharmacia Corporation" in the Complaint, instead of Pharmacia LLC, and failed to serve Pharmacia LLC.

## TENTH AFFIRMATIVE DEFENSE

### (Alleged Damages, if Any, Caused by a Third Person)

10.     The damages sought by Plaintiff are unavailable to the extent the Plaintiff's alleged damages were caused by one or more acts or omissions of parties other than Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

11.     Defendants allege that the Complaint, and each claim for relief asserted therein, is uncertain.

## TWELFTH AFFIRMATIVE DEFENSE

### (Proportionate Liability)

12.     Defendants are not liable to Plaintiff for the manufacturing activities of other

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 22

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

manufacturers and for any costs incurred by Plaintiff for products and chemicals not produced by Defendants. *See, e.g.,* RCW 4.22.070. Defendants are also not liable to Plaintiff for the intervening actions of third-parties resulting in the alleged contamination of the water bodies listed in paragraph 6 of the Complaint and the "public natural resources" referenced in paragraph 7 of the Complaint, which Defendants had no knowledge of and/or over which they had no control at the time. *Id.* Plaintiff is not entitled to recover any costs arising from products and chemicals manufactured by others, or intervening actions of third-parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unnecessary Costs)

13.     Plaintiff's alleged claims are barred to the extent Plaintiff's response actions are or have been excessive, unnecessary, unreasonable, and/or inconsistent with statutory requirements.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

14.     Plaintiff's alleged claims are barred, or alternatively Plaintiff's recovery should be limited, to the extent Plaintiff has made insufficient or delayed efforts to address contamination or obtain the most reasonable costs, and to the extent Plaintiff could have mitigated its costs.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

15.     Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 23

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

16.     Plaintiff's claims are barred to the extent any recovery would result in unjust enrichment to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff Is a Responsible Party)

17.     Plaintiff is not entitled to the relief it seeks in the Complaint because it is responsible, and/or otherwise liable, for the acts, omissions, and damages alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Passive Liability)

18.     In the event that Defendants are liable under any of the Plaintiff's claims, which Defendants deny, then the liability of Defendants would be passive, imputed, or secondary, while persons other than Defendants, whether individual, corporate, or otherwise, and whether named or unnamed in the Complaint, would be actively and primarily liable for the alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Investigate Causation)

19.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not investigated the cause of the alleged harm or attempted to identify the actual responsible party or parties.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Causation by Defendants)

20.     Plaintiff's claims fail because Plaintiff has failed to plead and cannot prove causation of its causes of action.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 24

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

### (Intervening/Superseding Cause)

3       21.     Plaintiff's claims arising out of or relating to the presence of contamination in

4    the water bodies and natural resources at issue, if any, were proximately caused by an

5    independent intervening or superseding cause of which Defendants had no knowledge or

6    over which they had no control at the time.

7

## TWENTY-SECOND AFFIRMATIVE DEFENSE

8

### (Damages Are Remote, Derivative and Unavailable)

9       22.     The damages sought in the Complaint are remote and/or derivative and

10   otherwise unavailable as a matter of law.

11

## TWENTY-THIRD AFFIRMATIVE DEFENSE

12

### (Damages Are Nonrecoverable Regulatory Costs)

13      23.     The damages sought in the Complaint are regulatory compliance costs that are

14   not recoverable under any of the state law claims asserted by Plaintiff.

15

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

16

### (Natural Resource Damages Not Recoverable)

17      24.     None of the causes of action set forth in the Complaint authorizes recovery of

18   natural resource damages.

19

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

20

### (Not a Designated Natural Resource Damages Trustee)

21      25.     Plaintiff lacks the necessary authority to bring a natural resource damages

22   claim on its own behalf as a trustee of the water bodies and natural resources set forth in

23   paragraphs 6 and 7 of the Complaint.

24

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

25

### (Comparative Negligence)

26      26.     Plaintiff did not exercise ordinary care, and has acted in such a manner so as

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 25

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

to cause or contribute to its alleged damages.  Therefore, any resulting injuries sustained by Plaintiff were caused, in whole or in part, by its own negligence.  Should Plaintiff recover any amount from Defendants as a result of its Complaint, Defendants are entitled to have such recovery reduced or eliminated to the extent of the comparative negligence of Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Plaintiff)

27.     Defendants allege that the injuries complained of and the damages sought by Plaintiff were caused directly and proximately by Plaintiff's own fault, acts, or omissions.  In the event that Plaintiff is found to have sustained and to be entitled to recovery of any damages, Defendants are liable only for that portion of any damages that corresponds to its degree of fault or responsibility, if any, and not for the fault, acts, or omissions of Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Others)

28.     Defendants allege that the injuries complained of and the damages sought by Plaintiff were caused directly and proximately by the fault, intervening acts, or omissions of third persons.  In the event that Plaintiff is found to have sustained and to be entitled to recovery of any damages, Defendants are liable only for that portion of any damages that corresponds to its degree of fault or responsibility, if any, and not for the fault, intervening acts, or omissions of third persons, whether individual, corporate, or otherwise, and whether named or unnamed in Plaintiff's Complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Preemption by Federal Law)

29.     Plaintiff's claims are preempted by federal law, including, without limitation, the Toxic Substances Control Act ("TSCA"), the Federal Food, Drug, and Cosmetic Act ("FDCA"), the Comprehensive Environmental Response, Compensation, and Liability Act of

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 26

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

1980 ("CERCLA"), the Occupational Safety and Health Act ("OSHA"), and all their predecessors and amendments, and any other applicable statutes and/or federal law. Specifically, Plaintiff's claims are preempted under *inter alia*:  Article VI of the United States Constitution; TSCA's express preemption provision, 15 U.S.C. § 2617; FDCA's preemption provision, 21 U.S.C. § 346; OSHA, 29 U.S.C. § 651, *et seq.*; related statutory provisions; and federal regulations implementing those laws.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Washington Products Liability Act Preemption)

30.     Plaintiff's state law claims are preempted by the Washington Products Liability Act.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Barred to the Extent Washington Products Liability Act Does Not Apply)

31.     Plaintiff's claims are barred to the extent the Washington Products Liability Act does not apply.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Not Proper Plaintiff Under Washington Products Liability Act)

32.     Plaintiff's claims are barred to the extent it is not a proper plaintiff under the Washington Products Liability Act.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Relief Inconsistent with Regulatory Schemes)

33.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks any relief inconsistent with the applicable Federal or State regulatory schemes for addressing alleged releases of contaminants of concern, including but not limited to PCBs.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 27

PDX\112389\220249\JCA\19841052.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

Page - 027

1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Interference with Ongoing CERCLA and MTCA Actions)

3      34.      Plaintiff's claims interfere with ongoing CERCLA and Washington Model

4    Toxics Control Act, Chapter 70.105D RCW ("MTCA"), investigation, remediation,

5    enforcement, allocation, and/or cost recovery efforts.

6

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

7

### (Mootness)

8      35.      Plaintiff's claims are barred, in whole or in part, as moot to the extent that

9    investigations, remediations, and/or restoration activities have already been completed.

10

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

11

### (Primary Jurisdiction)

12      36.      Primary jurisdiction over some or all of the claims alleged is vested in the

13    United States Environmental Protection Agency, the Washington State Department of

14    Ecology ("WDOE"), and/or other state or federal agencies, certain of which have issued

15    orders with respect to the alleged contamination.

16

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

17

### (Failure to Exhaust Administrative Remedies)

18      37.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has

19    failed to exhaust administrative remedies.

20

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

21

### (Equal Protection)

22      38.      Plaintiff's claims are barred by the United States Constitution to the extent

23    they would deprive Defendants of equal protection of the laws.

24

## THIRTY-NINTH AFFIRMATIVE DEFENSE

25

### (Apportionment)

26      39.      The injuries complained of and the damages sought by Plaintiff were caused

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 28

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

directly and proximately by Plaintiff's own fault, acts, or omissions, or the fault, acts, omissions, products, or chemicals of other persons, and/or by others at the direction of Plaintiff and/or Plaintiff's elected officials, officers, employees, agents, and affiliates (collectively, "Plaintiff and/or its Agents"), over whom Defendants had no control. Therefore, any recovery by Plaintiff on its claims against Defendants must be reduced in an amount equivalent to the harm and damages caused by Plaintiff and/or its Agents, or the products or chemicals of others, based on principles of comparative negligence and apportionment, pursuant to RCW 4.22.070 and other federal or state laws, and any applicable equitable principles.

## FORTIETH AFFIRMATIVE DEFENSE

### (Fair Share Limitation)

40.     If Defendants are liable to Plaintiff under the allegations set forth in the Complaint, which Defendants deny, then Defendants' liability is limited to Defendants' fair, equitable, and proportionate share of the costs allegedly incurred by Plaintiff.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Conformance with Governing Law and Industry Standards)

41.     Defendants allege that they have conformed to and performed any and all obligations imposed by applicable statutes, regulations, permits, and industry standards to the full extent of their responsibilities.  In addition, Defendants' conduct conformed to the generally recognized state of scientific, medical, and technical knowledge in existence at all relevant times.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Conformance with Governing Law and Industry Standards)

42.     Defendants are not liable for any acts or omissions undertaken by or at the direction of federal, state, or local authority, including without limitation, acts or omissions

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 29

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

made in accordance with applicable statutes, regulations, permits, and industry standards to the full extent of their responsibilities.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Exercise of Due Care)

43.     Plaintiff's claims are barred because Defendants exercised due care with regard to the conduct alleged in the Complaint.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Government Contractor Defense)

44.     Plaintiff's claims are barred, in whole or in part, by the government contractor defense.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Cause in Fact)

45.     Defendants allege that Plaintiff cannot prove any facts showing that the conduct of Defendants was the cause in fact of any threatened or actual damages or other harm to the Plaintiff as alleged in its Complaint.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim Against Monsanto Company and Solutia Inc.)

46.     Plaintiff's alleged claims, and each of them, fail to state a claim against Monsanto Company and Solutia Inc., because neither entity is a current or former manufacturer of PCBs.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Nonjoinder of PCB Manufacturers and Dischargers)

47.     Plaintiff fails to identify the source of the PCBs at issue in this case.  Plaintiff has also failed to join other manufacturers and dischargers of PCBs, at all relevant times through today.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 30

PDX\112389\220249\JCA\19841052.1

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Nonjoinder of Other Necessary Parties)

48.     Plaintiff has failed to join necessary parties, including but not limited to EPA and trustees of the water bodies listed in paragraph 6 of the Complaint and the "public natural resources" referenced in paragraph 7 of the Complaint.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Undue Delay)

49.     Plaintiff has, contrary to its legal obligation under state and federal law, failed to take timely, effective, and reasonable action to abate the alleged PCB discharges, releases, and associated damages.

## FIFTIETH AFFIRMATIVE DEFENSE

### (Statutory Compliance)

50.     Defendants' conduct was lawful in all respects when taken under the express federal and state laws then applicable.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Due Process Impaired)

51.     To the extent that Plaintiff's claims are based on federal or state statutes, Defendants' conduct was lawful in all respects when taken under the federal and state laws then applicable, and it did not create or contribute to any public nuisance under any applicable law.  Retroactive application of subsequently enacted federal and state statutes to Defendants' prior conduct violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the due process limitations of the Washington Constitution.  Additionally, Plaintiff seeks application of those statutes at a time when relevant documents and persons knowledgeable as to Defendants, and the defenses to which Defendants are or would have been entitled, are not available as a consequence of loss or destruction of documents by third-parties, relocation, termination of operations,

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 31

PDX\112389\220249\JCA\19841052.1

employment or retirement, death, memory loss, or otherwise.  Application of these statutes

therefore denies Defendants a fair opportunity to defend themselves and violates the due

process clauses of the Fifth and Fourteenth Amendments of the United States Constitution

and the due process limitations of the Washington Constitution as applied.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Not a Customer or User of "Old Monsanto" PCBs)

52.     Plaintiff cannot assert a product liability claim because it was not a customer

or user of PCBs manufactured by Old Monsanto.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (The Product's Design or Defect Did Not Cause Plaintiff's Injury)

53.     Plaintiff's alleged injuries could not have been reasonably predicted at the

relevant times of manufacture.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Product Not Defective)

54.     The product was not defective at the time it left the manufacturer's control.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

### (No Duty to Warn)

55.     Old Monsanto sold PCBs in bulk for use as a component by formulators and

other assemblers of products sold to end-users.  As a component part maker, Old Monsanto

did not owe any duty to warn end-users of the products put into the stream of commerce by

formulators and assemblers.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

### (No Duty Owed to Warn)

56.     Old Monsanto sold PCBs in bulk for use as a component by sophisticated

formulators and other assemblers of end products, many of whom were chemical companies

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 32

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

or employed chemists and chemical engineers.  Any duty to warn end-users of formulated or fully assembled end products reposed in the sophisticated formulator or assembler—not Defendants.  These sophisticated users were at least as knowledgeable as Defendants regarding the risks and hazards, if any, associated with the use and disposal of the product and were in the best position to convey appropriate use, handling, and precautionary information and other warnings.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (State of the Art)

57.      Plaintiff's alleged claims are barred, in whole or in part, by the state-of-the-art defense.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (Nuisance Claim Duplicative of Negligence Claim)

58.      Plaintiff's alleged nuisance claim is barred, in whole or in part, as duplicative of Plaintiff's alleged negligence claim because the claims are based on the same set of facts and allegations.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

### (Claim Barred by Risk-Utility Doctrine)

59.      Plaintiff's claims and purported causes of action are barred in whole or in part by the risk/utility doctrine.  If it is determined that there was a risk inherent in the use of PCBs or any other product allegedly sold or supplied by Defendants, then such risk was outweighed by the benefits of PCBs or any other product allegedly at issue.

## SIXTIETH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

60.      Plaintiff's claims are barred by the economic loss rule.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 33

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

## SIXTY-FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Not Available)

61.     The conduct and/or acts of Defendants as alleged in the Complaint were not and are not willful, wanton, malicious, reckless, fraudulent, or done with a conscious disregard for the rights of Plaintiff and/or the safety of the public.  Nor do any of the conduct and/or acts of Defendants as alleged in the Complaint demonstrate that Defendants acted with a high degree of moral culpability.  In fact, Defendants exercised reasonable care at all times alleged in the Complaint and Plaintiff has failed to clearly establish any entitlement to punitive damages based on these allegations under Washington state law.  In addition, imposition of punitive damages here would violate the United States Constitution and applicable state law.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

### (Prejudgment Interest Not Recoverable)

62.     In the event that Plaintiff is found to have sustained and to be entitled to recovery of any damages, Plaintiff is not entitled to recover prejudgment interest on any unliquidated damages.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

### (Assumption of Risk)

63.     Plaintiff's claims are barred by the doctrine of assumption of risk.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Not Available)

64.     Plaintiff's claim for an award of attorneys' fees and expenses fails because Washington law does not permit recovery of such fees and expenses under the circumstances of this action.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 34

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

### (No Double Recovery)

65.     In the event that Plaintiff is found to have sustained and to be entitled to recovery of any damages, Defendants are not liable for that portion of Plaintiff's damages paid to Plaintiff by third-parties for the same loss, injury, or damage Plaintiff alleges in this case.

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

### (Partial Payment/Offset)

66.     Defendants are entitled to an offset against any liability for monies that Plaintiff has recovered and/or will recover in the future from other sources, including but not limited to: grants, other payments or reimbursements from government agencies, payments received in settlement or otherwise from alleged responsible parties, and offsetting fees and assessments.

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

### (Release, Settlement, Satisfaction and Accord)

67.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised their claims with regard to the sites at issue or against Defendants.

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unintentional or Involuntary Conduct)

68.     The damages sought in the Complaint are the result of unintentional or involuntary conduct.

## SIXTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Allege Requisite Legal Interest)

69.     Plaintiff's claims are barred, in whole or in part, to the extent it does not own or possess the requisite legal interest in the properties at issue to assert any or all of its

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 35

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

claims.

## SEVENTIETH AFFIRMATIVE DEFENSE

### (No Invasion of Exclusive Possessory Interest)

70.     Plaintiff's trespass claims are barred, in whole or in part, because it has neither alleged nor suffered an invasion of an exclusive property interest in the allegedly damaged property, nor has it alleged that Defendants acted with the requisite intent.

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

### (No Public Nuisance Damages Standing)

71.     Plaintiff lacks standing to bring an action for public nuisance damages.

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

### (No Federal or State Standing)

72.     Plaintiff lacks standing under the United States Constitution, the Washington State Constitution, and state and federal statutes and common law to bring the claims set forth in the Complaint.

## SEVENTY-THIRD AFFIRMATIVE DEFENSE

### (No *Parens Patriae* Standing)

73.     Plaintiff lacks authority to bring a *parens patriae* action for the water bodies, natural resources, and damages set forth in the Complaint.

## SEVENTY-FOURTH AFFIRMATIVE DEFENSE

### (No *Parens Patriae* Damages)

74.     Plaintiff is not entitled to recover damages in a *parens patriae* action.

## SEVENTY-FIFTH AFFIRMATIVE DEFENSE

### (Unconstitutional Taking)

75.     Plaintiff's claims are barred, in whole or in part, to the extent they effectuate an unconstitutional taking or deprivation of property under the United States Constitution or

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 36

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

the Washington State Constitution.

## SEVENTY-SIXTH AFFIRMATIVE DEFENSE

### (Contingency Fee Agreement Violates Washington Law)

76.     Plaintiff's contingency fee agreement violates the ethical requirements of Washington State Law.

## SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Standing Under CERCLA)

77.     Plaintiff lacks standing to recover for any payments that may have been or that will be made in the future for damages, as defined in CERCLA § 101, 42 U.S.C. § 9601, and as used in CERCLA § 113(f), 42 U.S.C. § 9613(f), because it is not the natural resource trustee.

## SEVENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Premature Claims)

78.     Plaintiff's claims for natural resource damages are barred by the provision of CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), barring initiation of an action for such damages without prior notice to the United States and Defendants prior to selection of the remedial action for the facility.

## SEVENTY-NINTH AFFIRMATIVE DEFENSE

### (Not a Covered Person or Liable Party)

79.     Plaintiff's claims are barred against Defendants because Defendants are not covered persons under CERCLA § 107(a), 42 U.S.C. § 9607(a), or a liable person under MTCA, RCW 70.105D.040(1).

## EIGHTIETH AFFIRMATIVE DEFENSE

### (Costs Not Recoverable under CERCLA)

80.     The costs Plaintiff seeks to recover in this action are not response costs

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 37

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

recoverable from Defendants within the meaning of CERCLA, and otherwise are not necessary or consistent with the National Contingency Plan.

## EIGHTY-FIRST AFFIRMATIVE DEFENSE

### (Costs Not Recoverable under MTCA)

81.     The costs and damages Plaintiff seeks to recover in this action are not remedial action costs recoverable from Defendants under MTCA, and otherwise are not the substantial equivalent of a remedial action conducted or supervised by the WDOE.

## EIGHTY-SECOND AFFIRMATIVE DEFENSE

### (No Joint and Several Liability Under CERCLA or MTCA)

82.     In the event that Plaintiff is found to have sustained and to be entitled to recovery of any damages, Defendants may not be held jointly and severally liable because the damages and harm alleged in this action are divisible or there is a reasonable basis for determining the contribution of each cause to a single harm.

## EIGHTY-THIRD AFFIRMATIVE DEFENSE

### (Plaintiff Not Entitled to Contribution Under CERCLA or MTCA)

83.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is a potentially responsible party under CERCLA and liable under MTCA and is only entitled to contribution under CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), or RCW 70.105D.080, and Plaintiff has not paid more than its fair share of the total response costs and damages associated with the alleged contamination.

## EIGHTY-FOURTH AFFIRMATIVE DEFENSE

### (Allocated Share of Response Costs and/or Remedial Action Costs Should Be Zero)

84.     If it is determined that Defendants are liable for contribution under CERCLA and/or MTCA (which Defendants deny), then their equitable share of response costs should be zero or near zero.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 38

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

## EIGHTY-FIFTH AFFIRMATIVE DEFENSE

### (Compensation for Costs That Are Not Response Costs Under CERCLA)

85.     Plaintiff's claims are barred to the extent they seek compensation for costs that are not response costs as defined by CERCLA § 101(25), 42 U.S.C. § 9601(25).

## EIGHTY-SIXTH AFFIRMATIVE DEFENSE

### (Compensation for Costs That Are Not Recoverable "Remedial Action Costs" Under MTCA)

86.     Some or all of the costs allegedly incurred by Plaintiff are not recoverable "remedial action costs" under MTCA, Chapter 70.105D RCW.

## EIGHTY-SEVENTH AFFIRMATIVE DEFENSE

### (Claims Barred Due to Acts of Third Party, God, or War)

87.     Plaintiff's claims are barred to the extent that any release or threatened release of a hazardous substance and the damages resulting therefrom were caused solely by an act or omission of an unrelated third party, an act or acts of God, or an act or acts of war.

## EIGHTY-EIGHTH AFFIRMATIVE DEFENSE

### (Useful Product Defense)

88.     Defendants are exempt from any CERCLA or MTCA liability since the manufacture and sale of PCBs was only as a "useful product" to customers and Defendants had no control or involvement in any subsequent disposal or release.

## EIGHTY-NINTH AFFIRMATIVE DEFENSE

### (Alleged NRD Damages Occurred Wholly Before December 11, 1980)

89.     Plaintiff's claims for natural resource damages are barred under CERCLA § 107(f)(1), 42 U.S.C. § 9607(f)(1), which provides that "there shall be no recovery [for natural resource damages] where such damages and the release of a hazardous substance from which such damages resulted have occurred wholly before [December 11, 1980]."

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 39

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

## NINETIETH AFFIRMATIVE DEFENSE

### (Failure to Prove Injury Resulting from Hazardous Substance)

90.     Plaintiff's claims are barred by CERCLA § 107(a)(4)(C), 42 U.S.C. § 9607(a)(4)(C), because there is no injury to natural resources "resulting from" a release by Defendants.

## NINETY-FIRSTAFFIRMATIVE DEFENSE

### (Reservation of Defenses/Rights)

91.     The Complaint does not describe its claims or events with sufficient particularity to permit Defendants to ascertain what other affirmative defenses may exist and Defendants presently have insufficient knowledge or information to form a belief as to whether it has additional, as yet unstated, affirmative defenses available to it.  Defendants therefore reserve the right to assert all affirmative defenses which may pertain to the Complaint once the precise nature of the claims is ascertained and in the event discovery indicates that they would be appropriate.

## COUNTERCLAIMS

### JURISDICTION AND VENUE

1.     Jurisdiction in this Court is proper under 42 U.S.C. Sections 9613(b) and 9607(a), 28 U.S.C. Sections 1331, 1332, 1367, and 2201-02, and Federal Rule of Civil Procedure 13 with respect to Monsanto Company, Pharmacia LLC, and Solutia, Inc.'s (collectively, "Defendants/Counter-Claimants") counterclaims.  The amount in controversy for all of the counterclaims exceeds $75,000, and all of the counterclaims arise out of the same transaction or occurrence as Plaintiff's claims and thus fall squarely within this Court's supplemental/ancillary jurisdiction.

2.     Venue in this Court is proper pursuant to 42 U.S.C. Section 9613(b), and 28 U.S.C. Section 1391(b) because a substantial part of the property that is the subject of the action is located within this judicial district, and a substantial part of the releases or

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 40

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

threatened releases alleged herein occurred within this judicial district.

## INTRODUCTION

3.       The State's Complaint seeks to hold Defendants liable for alleged contamination in the water bodies listed in paragraph 6 of the State's Complaint and the "public natural resources" referenced in paragraph 7 of the State's Complaint ("State-Identified Water Bodies and Property"), even though all relevant U.S. manufacturing of the product at issue by Old Monsanto terminated in 1977, the original manufacturer is not alleged to have done anything since the 1970s and is not alleged to have discharged any polychlorinated biphenyls ("PCBs") into the State-Identified Water Bodies and Property through its PCB-manufacturing activities.  Instead, it is the State's own conduct, and that of its agencies, including but not limited to the Washington State Department of Natural Resources ("DNR"), the Washington State Department of Transportation ("WSDOT"), the Washington Department of Fish & Wildlife ("WDFW"), and the Washington State Department of Enterprise Services ("DES") (collectively, "Agencies"), vis-à-vis the State-Identified Water Bodies and Property, which has led to the conditions of which the State complains.  These counterclaims are based on the State's and its Agencies' decades of polluting the State-Identified Water Bodies and Property and the State's maladministration of the resources it holds in trust.

4.       The federal counterclaims are brought pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended by the Superfund Amendments and Reauthorization Act of 1986, 42 U.S.C. § 9601 *et seq*. ("CERCLA" also known as "Superfund").

5.       Defendants/Counter-Claimants intend to bring additional counterclaims pursuant to federal and state law, relating to environmental contamination of the State-Identified Water Bodies and Property.  Defendants/Counter-Claimants are required to provide notice of the additional counterclaims and their intent to file suit to the federal

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 41

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

1   government and the State.  Upon the expiration of the notice periods prescribed by law,

2   Defendants/Counter-Claimants will seek leave to amend their Answer and Counterclaims to

3   assert their additional federal and state law claims.  Leave to add such claims is appropriate

4   under Ninth Circuit precedent.  *See, e.g., Caswell v. Calderon*, 363 F.3d 832, 839-40 (9th

5   Cir. 2004) (reversing denial of request for leave to add new claims once they were exhausted

6   as an abuse of discretion).

7       6.      In December 2016, the State sued Defendants/Counter-Claimants under

8   public nuisance and other tort theories for recovery of regulatory compliance costs,

9   remediation costs, and natural resources damages.  Those claims are premised on the State's

10  allegation that Defendants/Counter-Claimants are the alleged successors and/or indemnitors

11  to "Old Monsanto"—a company which manufactured and distributed PCBs from

12  approximately 1935 to 1977 ("manufacturing period").

13      7.      Old Monsanto's PCB manufacturing activities took place at two industrial

14  plants located in Anniston, Alabama and Sauget, Illinois.  Old Monsanto did not manufacture

15  any PCBs anywhere in the State of Washington.

16      8.      Old Monsanto did not discharge PCBs from its PCB-manufacturing activities

17  into the State-Identified Water Bodies and Property.

18      9.      PCBs were also manufactured domestically by Geneva Industries in Houston,

19  Texas, for heat transfer applications between approximately 1971/1972 and 1973/1974.

20      10.     PCBs were/are also manufactured internationally by various corporations,

21  including, but not limited to:  Prodelec, Caffaro, Flick, Kanegahuohi, and other European

22  producers.[5]  International PCB manufacturing is estimated to have comprised over 50% of

23  worldwide production during the period when Old Monsanto manufactured PCBs.[6]

24  _____

25  [5]  Compl. at 8., n. 6. [MONS 058730-058752 at 058733]; PCBs and the Environment, at 5,
    Ex. 1 (excerpted).

26  [6]  PCBs and the Environment, at 5, Ex. 1.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 42

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

11.    PCBs were used in paint and building sealants such as caulks between the 1950s and 1970s.[7]  Many buildings constructed during this time may still contain caulks and paint with elevated levels of PCBs.  Available data in comparable water bodies show fixed building sources have been identified as one of the largest sources of PCBs into water bodies.[8]  Building demolition and renovation activities, when conducted without proper prior inspections and precautions, can mobilize these PCBs and result in discharges into water bodies.[9]

12.    In addition to domestic manufacturing and foreign imports during the manufacturing period, PCBs continue to be generated in the U.S. and imported through today as by-products of various other manufacturing and chemical processes, including the production of dyes.  Defendants do not manufacture or produce dyes.  EPA has estimated that 100,000 pounds of "inadvertently generated" PCBs are produced annually in the U.S.

13.    The Washington State Department of Ecology ("WDOE") similarly found "inadvertently generated" PCBs in over 200 common consumer products, including children's products, office supplies, road paints, lawn and road care products, and plastics in a recent report.[10]

14.    Regardless of origin, PCBs were used for decades by various commercial, governmental, military, and industrial entities to, among other things, reduce the risk of fires.

[7]  Diamond, M.A., L. Melymuk, S.A. Csiszar and M. Robson, 2010. *Estimation of PCB Stocks, Emissions, and Urban Fate: Will our Policies Reduce Concentrations and Exposure?*, 44 Environ. Sci. Tech. 2777, 2777-83 (2010), Ex. 2.

[8]  *See* Klosterhaus. D. Yee, J. Koss, A. Wong, L. McKee, *PCBs in Caulk Project: Estimated Stock in Currently Standing Buildings in a San Francisco Bay Study Area and Releases to Stormwater during Renovation and Demolition* (Oct. 2011), Ex. 3.

[9]  The U.S. EPA recommends testing for PCBs in caulk and other building materials prior to demolition/removal to ensure that PCB-containing building materials do not contaminate surrounding surfaces.  *See* EPA, *Practical Actions for Reducing Exposure to PCBs in Schools and Other Buildings*, at 3 (July 28, 2015), Ex. 4.

[10]  WDOE, *Polychlorinated Biphenyls in Consumer Products*, Pub. No. 16-04-014, at 13 (Nov. 2016), Ex. 5.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 43

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

PCBs were valued by customers and governmental agencies because of their non-flammability, chemical stability, electrical insulating properties, and safety.  PCBs continue to be used lawfully to this day in certain applications, including transformers and other electrical equipment.[11]

15.     Upon information and belief, the State and its Agencies have contributed to contamination of the State-Identified Water Bodies and Property through their discharge of a variety of pollutants, including PCBs, into the State-Identified Water Bodies and Property and through their purchase, use, and disposal of products containing "inadvertently generated" PCBs manufactured by entities other than Old Monsanto in a manner that has resulted in discharges and releases into the State-Identified Water Bodies and Property, including through stormwater runoff.

16.     As a result of the State's and its Agencies' discharges and releases, Defendants/Counter-Claimants have incurred and will continue to incur recoverable response costs, including the costs of investigation of PCB sources into the State-Identified Water Bodies and Property.  In addition to past response costs, Defendants/Counter-Claimants will continue to incur response costs as the investigation proceeds, including potentially regulatory, litigation, and other response costs.  In addition, Defendants/Counter-Claimants have incurred legal and other costs pertaining to the present suit, which are actually attributable to and caused by the State's and its Agencies' own discharges and releases.

17.     The State's conduct has also created or increased the liability that Defendants/Counter-Claimants would face if the State was to prevail on any of its claims in this action.

18.     Defendants/Counter-Claimants bring these counterclaims to (i) establish the

---

[11]   *See* 40 C.F.R. § 761.30 (2002).

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 44

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

liability of the State and its Agencies for the alleged contamination of the State-Identified Water Bodies and Property; (ii) require the State and its Agencies to conduct work and pay various costs of investigating, reducing discharges to, and cleaning up the State-Identified Water Bodies and Property; and (iii) obtain reimbursement of costs that Defendants/Counter-Claimants have incurred as a result of the State's and its Agencies' discharges and releases.

## PARTIES

19.     Monsanto Company is a Delaware corporation with its principal place of business in St. Louis County, Missouri.

20.     Pharmacia LLC is a limited liability company, with its sole member being Wyeth Holdings LLC.  Wyeth Holdings LLC is wholly owned by Pfizer Holdings Americas Corporation, which is incorporated under the laws of Delaware with its principal place of business in New York.

21.     Solutia, Inc. is a Delaware corporation, with its principal place of business in St. Louis County, Missouri.

22.     The State of Washington is a governmental entity and its Agencies are agencies of the State of Washington, which may be found, conducts its affairs, and renders services within the Western District of Washington.

## FACTUAL BACKGROUND

23.     This action concerns environmental contamination and the public's reasonable use of the State-Identified Water Bodies and Property.

24.     Upon information and belief, the State and its Agencies have, from the 1800s through the present, discharged and released a wide variety of pollutants and contamination into the State-Identified Water Bodies and Property, including PCBs.

### The State's and Its Agencies' Contribution to Contamination at the State-Identified Water Bodies and Property

25.     Federal and state agencies, including but not limited to EPA and WDOE, have

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 45

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

determined that portions of certain of the State-Identified Water Bodies and Property contain

elevated levels of PCBs and other contaminants of concern (including but not limited to

metals, phthalates, creosote, DDT, dioxins/furans, polycyclic aromatic hydrocarbons

("PAHs"), and petroleum products) above applicable regulatory standards and are currently

pursuing a number of investigation and cleanup actions.

26.     Federal and state agencies, including but not limited to EPA and WDOE, are

pursuing investigation and cleanup efforts at certain of the State-Identified Water Bodies and

Property.  Many of these investigations and cleanups are underway and others have already

been completed.  In addition, cost recovery and contribution actions under CERCLA and/or

MTCA are pending in federal and Washington state courts related to certain of the State-

Identified Water Bodies and Property.

27.     From the 1800s through the present, the State and its Agencies have

discharged and released a variety of contaminants of concerns, including hazardous

substances, into the State-Identified Water Bodies and Property, including PCBs, through

various sources, including but not limited to wastewater and stormwater discharges.

28.     Certain of the State-Identified Water Bodies and Property are owned and/or

operated by the State or its Agencies.

29.     The State and/or its Agencies have been identified by EPA as potentially

responsible parties under CERCLA and/or identified by WDOE as potentially liable persons

under MTCA at certain of the State-Identified Water Bodies and Property.

**The State's and Its Agencies' Use and Disposal of PCB-Containing Products**

30.     At all relevant times through today, the State, through WSDOT, DNR, and

other Agencies, has purchased, used, and disposed of various PCB-containing products

(manufactured by entities other than Old Monsanto, internationally manufactured PCBs, and

materials containing "inadvertently generated" PCBs), in a manner that has resulted in

discharges, disposal, and/or releases to the State-Identified Water Bodies and Property,

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 46

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

1    including through stormwater runoff.  These products include, without limitation, enhanced

2    salt brine with sugar beet boost "SB Boost" road de-icers,[12] hydroseed erosion control

3    products,[13] traffic paint,[14] and fish hatchery food.[15]

4          31.     Upon information and belief, the State and its Agencies are aware that PCBs

5    are currently found in commercially available products and that many of the commercial

6    products they have purchased contain "inadvertently generated" PCBs in concentrations well

7    above the surface water quality standards set by the State of Washington.

8          32.     Sampling of these products reveals that a number of products used by the

9    State and its Agencies contain PCBs in the parts-per-trillion to parts-per-billion range, which

10   is orders of magnitude above the 170 parts-per-*quadrillion* water quality standard set by the

11   State of Washington for the Spokane River, one of the State-Identified Water Bodies and

12   Property.

13         33.     Despite knowledge that inadvertently produced PCBs can be directly applied

14   to watershed soils via hydroseed, de-icer, and other PCB-containing products, the State

15   allows the continued manufacture, processing, distribution, and use of products containing

16   PCBs in quantities of up to 50 ppm.[16]

17         34.     In 2014, the State enacted a law requiring DES to "establish purchasing and

18

---

19   [12]  City of Spokane, *PCBs in Municipal Products, Revised*, at 11-12 (July 21, 2015), Ex. 6
20   (excerpted); Nicholas Deshais, *De-icer used by City of Spokane Contains PCBs*, The
     Spokesman Review (Nov. 22, 2015), Ex. 7.

21   [13]  EPA's Plan for Addressing PCBs in the Spokane River, *Sierra Club v. McLerran*, No.
22   2:11-cv-01759-BJR (W.D. Wash. July 14, 2015), at 9-10, Ex. 8 (excerpted).  According to
     the Spokane River Regional Toxics Task Force, "[b]ecause hydroseed is used to manage
23   stormwater, any PCBs in hydroseed will end up in the river." *See id*.

     [14]  City of Spokane, *PCBs in Municipal Products, Revised*, at 4 (July 21, 2015), Ex. 6.

24   [15]  EPA's Plan for Addressing PCBs in the Spokane River, at 9-10, Ex. 8.

25   [16]  *See* RCW 39.26.280; *see also* Substitute SB 6086 (2014 Regular Session), available at:
     http://lawfilesext.leg.wa.gov/biennium/2013-
26   14/Pdf/Bills/Senate%20Passed%20Legislature/6086-S.PL.pdf.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 47

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

1  procurement policies that provide a preference for products and products in packaging that

2  does not contain polychlorinated biphenyls."  RCW 39.26.280.  The law continues to permit

3  all Agencies to purchase "products or products in packaging containing [PCBs]" above a

4  certain threshold when it is not cost effective or technically feasible not to purchase the

5  product.  Put differently, the State continues to authorize the purchase and use of PCB-

6  containing products with knowledge of and acquiescence to the potential for discharge,

7  disposal, and/or release of PCBs to State-Identified Water Bodies and Property and otherwise

8  to the environment.

9       35.     WDFW operates fish hatcheries located on certain of the State-Identified

10  Water Bodies and Property, which use fish food containing PCBs.  Use of PCB-containing

11  fish food results in the discharge, disposal, and/or release of wastewater containing elevated

12  PCBs to certain of the State-Identified Water Bodies and Property.[17]

13      36.     Upon information and belief, the State's past and continuing discharge of

14  and/or allowance of the discharge of PCBs and other COCs into the environment and the

15  State-Identified Water Bodies and Property, as well as the State's purchase, use, and disposal

16  of products containing "inadvertently generated" PCBs, have caused or contributed to the

17  alleged impairment of beneficial uses in, injury to, and/or contamination of, the State-

18  Identified Water Bodies and Property.

19      37.     As a result of the State's discharges, Defendants/Counter-Claimants have

20  incurred and will continue to incur response costs to investigate alleged PCB contamination

21  in the State-Identified Water Bodies and Property.  In addition to past costs,

22  Defendants/Counter-Claimants will continue to incur response costs as the investigation

23  proceeds.  Defendants/Counter-Claimants have incurred legal and other costs defending the

24  legal action(s) attributable to and caused by the State's own discharges.

25  _____

26  [17]  WDOE, *Quality Assurance Project Plan: Spokane and Troutlodge Fish Hatchery PCB Evaluation*, at 6-7, 9 (Mar. 2016), Ex. 9 (excerpted).

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 48

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

# FIRST COUNTERCLAIM FOR RELIEF

## (Cost Recovery under CERCLA)

38.     Defendants/Counter-Claimants reallege and incorporate by reference paragraphs 1 through 37 as though fully set forth herein.

39.     CERCLA § 107(a), 42 U.S.C. § 9607(a), imposes strict liability on the owner or operator of a facility, any person who at the time of disposal of any hazardous substance owned or operated any facility at which hazardous substances were disposed of, and any person who by contract, agreement, or otherwise arranged for the disposal or treatment of hazardous substances.

40.     The State and its Agencies are "persons" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

41.     The pollutants and contaminants discussed above are "hazardous substance[s]" within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14).

42.     The State and its Agencies are the current "owner" and/or "operator" of upland properties, aquatic lands, tidelands, riverbeds, ferry terminals, boat launches, piers, docks, wharfs, vessels, ferries, buildings, structures, fish hatcheries, pipes, ditches, freeways, bridges, roads, and other properties, which are "facilities" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9), from which there have been "releases" and threatened "releases," within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22), of "hazardous substances," within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14), into the State-Identified Water Bodies and Property.

43.     In addition, the State and its Agencies were the former "owner" and/or "operator" at the time of disposal at a variety of upland properties, aquatic lands, tidelands, riverbeds, ferry terminals, boat launches, piers, docks, wharfs, vessels, ferries, buildings, structures, fish hatcheries, pipes, ditches, freeways, bridges, roads, and other properties,

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 49

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

Page - 049

which are "facilities" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9), from which there have been "releases" and threatened "releases," within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22), of "hazardous substances," within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14), into the State-Identified Water Bodies and Property.

44.     The State and its Agencies are accordingly are liable and responsible parties under CERCLA § 107(a), 42 U.S.C. § 107(a).

45.     The State and its Agencies are also liable and responsible parties under CERCLA § 107(a), 42 U.S.C. § 9607(a), because they arranged by contract, agreement, or otherwise for the disposal or treatment of hazardous substances that were disposed of or released on and to the State-Identified Water Bodies and Property.

46.     Defendants/Counter-Claimants have paid and will continue to pay necessary response costs consistent with the National Contingency Plan, within the meaning of CERCLA § 101(31), 42 U.S.C. § 9601(31), including costs to assess and investigate contamination caused by the State's and its Agencies' releases and/or disposal of hazardous substances to the State-Identified Water Bodies and Property.

47.     In addition, if Defendants/Counter-Claimants are found liable to the State for contamination of the State-Identified Water Bodies and Property, Defendants/Counter-Claimants will incur costs to investigate and/or remediate the hazardous substances that the State and its Agencies have released and/or disposed of to the State-Identified Water Bodies and Property.

48.     Defendants/Counter-Claimants seek reimbursement from the State and its Agencies, pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), for all necessary response costs that Defendants/Counter-Claimants have incurred and will incur in investigating and/or remediating the hazardous substances that the State and its Agencies have released and/or

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 50

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

disposed of to the State-Identified Water Bodies and Property.

49.    Pursuant to CERCLA § 113(l), 42 U.S.C. § 9613(l), Defendants/Counter-Claimants have provided a copy of this Counter-Complaint to the Attorney General of the United States and the Administrator of the EPA.

## SECOND COUNTERCLAIM FOR RELIEF

### (Federal Declaratory Relief under CERCLA and Declaratory Judgment Act)

50.    Defendants/Counter-Claimants reallege and incorporate by reference paragraphs 1 through 49 as though fully set forth herein.

51.    CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides that in any action for recovery of response costs, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding in any subsequent actions concerning response costs or damages.

52.    The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction . . . , any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

53.    The State and its Agencies are "persons" within the meaning of CERCLA § 101(21), 42 U.S.C. § 9601(21).

54.    The pollutants and contaminants discussed above are "hazardous substances" within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14).

55.    The State and its Agencies are the current "owner" and/or "operator" of upland properties, aquatic lands, tidelands, riverbeds, ferry terminals, boat launches, piers, docks, wharfs, vessels, ferries, buildings, structures, fish hatcheries, pipes, ditches, freeways, bridges, roads, and other properties,  which are "facilities" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9), from which there have been "releases" and threatened "releases," within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22), of "hazardous

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 51

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

1    substances," within the meaning of CERCLA § 101(14), 42 U.S.C. § 9601(14), into the

2    State-Identified Water Bodies and Property.

3        56.    In addition, the State and its Agencies were the former "owner" and/or

4    "operator" at the time of disposal at a variety of upland properties, aquatic lands, tidelands,

5    riverbeds, ferry terminals, boat launches, piers, docks, wharfs, vessels, ferries, buildings,

6    structures, fish hatcheries, pipes, ditches, freeways, bridges, roads, and other properties,

7    which are "facilities" within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9), from

8    which there have been "releases" and threatened "releases," within the meaning of CERCLA

9    § 101(22), 42 U.S.C. § 9601(22), of "hazardous substances," within the meaning of

10   CERCLA § 101(14), 42 U.S.C. § 9601(14), into the State-Identified Water Bodies and

11   Property.

12       57.    The State and its Agencies are accordingly are liable and responsible parties

13   under CERCLA § 107(a), 42 U.S.C. § 107(a).

14       58.    The State and its Agencies are also liable and responsible parties under

15   CERCLA § 107(a), 42 U.S.C. § 9607(a), because they arranged by contract, agreement, or

16   otherwise for the disposal or treatment of hazardous substances that were disposed of or

17   released on and to the State-Identified Water Bodies and Property.

18       59.    Defendants/Counter-Claimants have paid and will continue to pay necessary

19   response costs consistent with the National Contingency Plan, within the meaning of

20   CERCLA § 101(31), 42 U.S.C. § 9601(31), including costs to assess and investigate

21   contamination caused by the State's and its Agencies' releases and/or disposal of hazardous

22   substances to the State-Identified Water Bodies and Property.

23       60.    In addition, if Defendants/Counter-Claimants are found liable to the State for

24   contamination of the State-Identified Water Bodies and Property, Defendants/Counter-

25   Claimants will incur costs to investigate and/or remediate the hazardous substances that the

26   State and its Agencies have released and/or disposed of to the State-Identified Water Bodies

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 52

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

and Property.

61.     The State and its Agencies are strictly liable under CERCLA, in whole or in part, for any future response costs incurred by, or awarded against, Defendants/Counter-Claimants.

62.     Defendants/Counter-Claimants are informed and believe and on that basis allege that the State and its Agencies deny any liability for such response costs.

63.     Thus, there has arisen and now exists an actual controversy between Defendants/Counter-Claimants and the State and its Agencies relating to liability and responsibility under CERCLA for response costs, if any, necessary to abate or otherwise respond to the alleged disposal, releases, or threatened releases of hazardous substances above applicable regulatory requirements into the State-Identified Water Bodies and Property of hazardous substances by the State and its Agencies.  The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

64.     Absent a judicial declaration setting forth the parties' rights and obligations, a multiplicity of actions may result, and Defendants/Counter-Claimants may be obligated in the future to pay costs and damages that, under CERCLA, are in fact the responsibility of the State and its Agencies.

65.     Pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, Defendants/Counter-Claimants are entitled to a declaration from this Court that the State and its Agencies are jointly and severally liable for future response costs, including and not limited to those incurred by Defendants/Counter-Claimants in connection with the State-Identified Water Bodies and Property, and request judgment in their favor as set forth herein.  Such a declaration would avoid the potential for a multiplicity of actions and effectuate a just and speedy resolution of the issues and liabilities.

//

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 53

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, Defendants/Counter-Claimants pray for judgment and relief, as follows:

1.      for the State's Complaint to be dismissed with prejudice;

2.      for damages, and/or restitution under CERCLA for past and future response costs, including reasonable attorneys' fees, expert witness' fees, oversight costs, and interest incurred by Defendants/Counter-Claimants to investigate and/or remediate the State-Identified Water Bodies and Property, in an amount to be proven at trial;

3.      for a judicial determination under CERCLA and the federal Declaratory Judgment Act that the State is liable for past and future response costs, including reasonable attorneys' fees, expert witness' fees, oversight costs, and interest, including but not limited to those costs incurred by Defendants/Counter-Claimants to investigate and/or remediate the State-Identified Water Bodies and Property;

4.      for Defendants'/Counter-Claimants' costs of suit, reasonable attorneys' fees, consulting fees, expert witness fees, and other fees and expenses incurred herein; and

5.      for such other and further relief as the Court may deem just and proper.

6.      Defendants will seek additional relief following presentment of additional State and Federal claims, for which they will propose in due course.

//
//
//
//
//
//
//

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 54

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1

1    Dated this 12th day of January, 2017.

2                                    SCHWABE, WILLIAMSON & WYATT, P.C.

3

4                          By:      s/ Jennifer L. Campbell
                                    Jennifer L. Campbell, WSBA #31703
5                                   Email:  jcampbell@schwabe.com
                                    Connie Sue Martin, WSBA #26525
6                                   Email:  csmartin@schwabe.com
                                    Claire L. Rootjes, WSBA #42178
7                                   Email:  crootjes@schwabe.com
                                    1420 5th Avenue, Suite 3400
8                                   Seattle, WA  98101-4010
                                    *Attorneys for Monsanto Company,*
9                                   *Solutia, Inc., and Pharmacia LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT: Case No. 2:17-cv-00053 - 55

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\112389\220249\JCA\19841052.1