THE HONORABLE ROBERT S. LASNIK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, | Case No.:  2:17-cv-00053-RSL |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY EXECUTION OF REMAND PENDING APPEAL** |
| v. | |
| MONSANTO COMPANY, SOLUTIA, INC., and PHARMACIA CORPORATION, and DOES 1 through 100, | NOTE ON MOTION CALENDAR: August 18, 2017 |
| Defendants. | ORAL ARGUMENT REQUESTED |

## I.    FACTUAL BACKGROUND

On July 28, 2017, this Court granted the State of Washington's motion to remand its lawsuit

against Defendants Monsanto Company, Solutia, Inc., and Pharmacia Corporation (collectively,

"Monsanto"), finding that Monsanto had not met its burden to show by a preponderance of the

evidence that it satisfied each requirement for federal officer jurisdiction.  Dkt. #36 at p. 1.

Specifically, the Court rejected Monsanto's argument that it produced PCBs pursuant to a federal

officer's direction.  *Id*. at p. 5.

PLAINTIFF'S OPPOSITION
2:17-CV-00053-RSL  -   1

On August 3, Monsanto announced that it would appeal that decision and asked this Court to enter a stay to prevent remand to state court. *See* Motion to Stay Execution of Remand Pending Appeal ("Motion"), Dkt. # 37.  On August 10, Monsanto filed its Notice of Appeal.  Dkt. # 38.  Monsanto claims that a stay is warranted because "Defendants' appeal is likely to succeed on the merits."  Dkt. # 37 at p. 1.  Because this assertion is baseless, the Court should not stay the remand.

## II.   NINTH CIRCUIT CASE LAW DOES NOT SUPPORT A STAY HERE

For almost 100 years, the Supreme Court of the United States has maintained that "[a] stay is not a matter of right, even if irreparable injury might otherwise result."  *Nken v. Holder*, 556 U.S. 418, 433 (2009) (*citing Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)).  The Ninth Circuit, too, cautions that a stay is "'an exercise of judicial discretion,' and 'the propriety of its issue is dependent upon the circumstances of the particular case.'" *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017), *reconsideration en banc denied*, 858 F.3d 1168 (9th Cir. 2017) (internal citations omitted).  The propriety of a stay depends upon the circumstances of the particular case, and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken*, 556 U.S. at 433–34.

The Ninth Circuit advises courts to consider four factors in evaluating whether to grant a stay: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).  A party seeking a stay must satisfy the first two factors;  the final two are considered only if the movant clears that threshold.  *California Bank & Tr., LLC v. Shilo Inn, Moses Lake, Inc.*, 2015 WL 12867067, at *2 (E.D. Wash. Mar. 13, 2015) (slip opinion) (*citing Nken*, 556 U.S. at 435).

ATTORNEY GENERAL OF WASHINGTON
Counsel for Environmental Protection
800 5th Ave. Suite 2000, TB-14
Seattle, WA 98104-3188
(206) 464-6430

**A.  Monsanto Cannot Show That It is Likely to Succeed on the Merits of Its Appeal.**

Monsanto argues that its appeal presents "a substantial case for relief on the merits," and has a "reasonable probability" or "fair prospect" of success.  Dkt. # 37 at p. 4.  Despite the importance of this factor, Monsanto provides zero analysis.  *See Id*. ("However articulated, Defendants' appeal meets this standard: Based upon the complaint as pled and the defenses addressed in Defendant's removal, this case involves federal issues that should be litigated in federal court.").  Saying so does not make it so.

The facts do not support Monsanto's characterization of its chances on appeal.  This Court carefully considered Monsanto's assertion of federal jurisdiction in the light of Ninth Circuit precedent holding that "the removing defendant must show that the government *supervised* or *influenced* the way in which the defendant performed the allegedly culpable activities."  Dkt. # 36 at p. 5 (*citing Cabalce v. Thomas E. Blanchard & Associates, Inc*., 797 F.3d 720 (9th Cir. 2015)).  In reaching its conclusion that Monsanto did not meet this burden, this Court thoroughly analyzed Monsanto's documentary evidence and found nothing to prove government supervision or influence:

> Though Monsanto suggests that it produced PCBs to government specification, Dkt. # 1, ¶ 50, the documents presented by Monsanto show rather that the government listed certain Monsanto PCBs as examples of component parts that would satisfy specifications for other products. That is, Monsanto's PCBs were *mentioned in* a government specification, not *produced to* government specification. Notably, even these specifications do not require the use of Monsanto's PCBs, and accordingly Monsanto cannot argue that the specifications required Monsanto to produce the PCBs. See Dkt. # 1-2 at 7 (providing that "in no way is the supplier restricted to" the sample formulations listed, including Monsanto's PCB Aroclor). And while the government did purchase PCBs from Monsanto, see Dkt. # 1-22; Dkt. # 20, the government did not contract with Monsanto to produce PCBs *on the government's behalf*.

Dkt. # 36 at p. 5–6.  The Court reviewed substantial evidence as part of this evaluation;  Monsanto attached hundreds of pages of exhibits to its Notice of Removal and Opposition to Remand.  Dkt. #s

ATTORNEY GENERAL OF WASHINGTON
Counsel for Environmental Protection
800 5th Ave. Suite 2000, TB-14
Seattle, WA 98104-3188
(206) 464-6430

1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, 1-14, 1-15, 1-16, 1-17, 1-18, 1-19, 1-20, 1-21, 1-22, 1-23, 20.  None of these established that the government supervised or influenced its activities, and Monsanto has not indicated that it has additional evidence that it would present on appeal or that the new evidence would have changed the outcome here.

Notably, the Court did not indicate that its decision was close here; it did not comment that some evidence indicated control but that other evidence indicated otherwise.  On the contrary, the Court identified Monsanto's "strongest evidence in support of federal officer jurisdiction" as two letters to Monsanto from the U.S. Department of Commerce.  Dkt. # 36 at 7.  Even that strongest evidence failed to establish that the government supervised or influenced the way in which Monsanto made PCBs:

> [E]ven these letters "directing" Monsanto to deliver PCBs do not actually direct Monsanto to produce PCBs that it had not already, or would not have otherwise, produced – and, more particularly for purposes of Washington's lawsuit, the letters do not direct Monsanto to conceal the toxicity of PCBs.

*Id*. at 8.  This falls short of demonstrating that the government controlled, supervised, or ordered Monsanto to produce PCBs.

That standard has prevented Monsanto from prevailing on its "federal officer" claims in at least seven other district courts, which have rejected Monsanto's same arguments for "federal officer" jurisdiction in litigation arising from Monsanto's manufacture and/or sale of PCBs.  *See Bailey v. Monsanto Co*., 176 F. Supp. 3d 853, 870 (E. D. Mo. 2016) (appeal dismissed due to settlement) ("Although the government required the use of PCBs in certain products during the relevant time period, and provided financial assistance to Old Monsanto to manufacture them in the early 1940s, Defendants sold the PCBs, by and large, to government contractors and not to the government itself.  Defendants have not maintained that the manufacturing process itself was in any way supervised or controlled by the government.");  *Kelly v. Monsanto Co*., 2016 WL 3543050, at *8 (E.D. Mo. June 29,

2016) (not reported) (appeal dismissed due to settlement) (same, *citing Bailey*); *Mobley v. Cerro Flow Prods., Inc.*, 2010 WL 55906, at \*7 & n.4 (S.D. Ill. Jan. 5, 2010) (not reported) (evidence does not show that federal authorities specifically directed Monsanto's acts); *Brown v. Cerro Flow Prods., Inc.*, 2010 WL 55905, at \*5 & n.4 (S.D. Ill. Jan. 4, 2010) (not reported) (Monsanto showed no evidence that the military regulated disposal of toxic waste at Monsanto plants in a manner that prevented Monsanto from disposing of the wastes in a different manner); *Clayton v. Cerro Flow Prods., Inc.*, 2010 WL 55675, at \*7 & n.4 (S.D. Ill. Jan. 4, 2010) (not reported) (same); *Custer v. Cerro Flow Prods., Inc.*, 2009 WL 5033931, at \*7 (S.D. Ill. Dec. 15, 2009) (not reported) ("However, none of the evidence submitted by Defendants shows the federal government ordered the Defendants to continue production of PCBs or that the government directed the Defendants in how to handle or dispose of the PCBs that they produced."); *Anderson v. Hackett*, 646 F. Supp. 2d 1041, 1054–55 (S.D. Ill. 2009) (Monsanto did not establish that the federal government directed production of PCBs or how Monsanto was to handle PCBs).  The language in these opinions forecloses any opportunity for Monsanto to prevail on this issue on appeal.

Not a single page of the evidence presented in this case shows that the government or military supervised or controlled Monsanto's actual production process.  Dkt. 1 through 1-23.  Rather, here, Monsanto shows the same evidence that was found lacking in each of those cases—that it sold PCBs to government contractors and government offices during World War II and that it applied for and received federal funds to finance wartime expansion of production.  *See* Dkt. 1-2 through 1-22.  Though it has attempted to cloak itself as a federal officer many times, Monsanto simply cannot demonstrate that the government supervised or controlled its manufacture of PCBs.

PLAINTIFF'S OPPOSITION
2:17-CV-00053-RSL  -   5

ATTORNEY GENERAL OF WASHINGTON
Counsel for Environmental Protection
800 5th Ave. Suite 2000, TB-14
Seattle, WA 98104-3188
(206) 464-6430

1   This Court may deny the stay on this ground alone.  "In the absence of any finding of a

2   likelihood of success, the Court need not address the other factors required for issuance of a stay."

3   *United States v. Washington*, 20 F. Supp. 3d 986, 1033 (W.D. Wash. 2013).[1]

4

### B.  Monsanto Has Not Shown That It Will Be Irreparably Injured Without a Stay.

5

6   Although "certainty of irreparable harm has never *entitled* one to a stay," *Leiva-Perez*, 640 F.3d

7   at 965, the Ninth Circuit requires a movant to show at least "that there is a probability of irreparable

8   injury if the stay is not granted."  *Lair v. Bullock*, 697 F.3d 1200, 1214 (9th Cir. 2012).  And the

9   contention of injury should be supported by evidence showing the specific harm at issue.  *Costco*

10  *Wholesale Corp. v. Hoen*, 2006 WL 2645183, at *4 (W.D. Wash. Sept. 14, 2006) (not reported)

11  (because movant did not offer affidavits or declarations, this "lack of evidence and specificity makes it

12  difficult for the Court to evaluate the degree of harm that the [movants] would experience if a stay does

13  not issue.").

14

15  Moreover, an injury must rise beyond inconvenience to be considered irreparable:  "Irreparable

16  harm exists when there are no adequate remedies at law."  *Fed. Trade Comm'n v. Amazon.com Inc*.,

17  2017 WL 714115, at *2 (W.D. Wash. Feb. 23, 2017) (slip opinion) (*citing Latta v. Otter*, 771 F.3d 496,

18  500 (9th Cir. 2014)).  In the *Amazon.com* case, Amazon sought a stay that would prevent refunding

19  money to customers until it could appeal a summary judgment order.  The Western District found that

20  Amazon.com established that it would suffer irreparable harm absent a stay:  "The refund money

21  Amazon distributed, which the FTC estimated would be substantial in its previous briefings, would be

22  unrecoverable."  *Id*. at *2.

23

24  ───────────────

25  [1] Monsanto will fare no better on the appeal of its "federal enclave" defense.  As pointed out in the
26  Order, the State does not seek damages for contamination to waters and land within federal territory,
    rendering this claimed basis for jurisdiction moot if not frivolous.  Dkt. # 36 at p. 9.
27

28

ATTORNEY GENERAL OF WASHINGTON
Counsel for Environmental Protection
800 5th Ave. Suite 2000, TB-14
Seattle, WA 98104-3188
(206) 464-6430

Here, Monsanto presents no evidence showing any specific harm that it will suffer if the stay is denied. Proceeding in state court in this action does not, as Monsanto claims, deprive it of its statutory right to appeal. Dkt. # 37 at p. 5. Monsanto's appeal concerns only where the case will be litigated, not whether the case will be litigated at all. Because it is not case-dispositive, the parties can and should proceed with the litigation tasks that they will conduct no matter what court is ultimately the forum for the trial. The State and Monsanto can begin work in state court and use the fruits of their labors in either state or federal court. Monsanto is not entitled to an automatic stay of the remand just because it chose to appeal this Court's order.

Monsanto's other claim is that it "will be forced to unnecessarily litigate a complex, state-wide water contamination case in state court while appealing the Remand Order in federal court, a scenario rife with duplicative expenses and the potential for inconsistent rulings." Dkt. # 37 at p. 6. But it does not explain how a state court's rulings regarding Monsanto's liability to the State is duplicative of an appellate court's decision as to whether Monsanto incurred that liability at the direction of the federal government. Nor does it identify how such a plan would duplicate expenses. *Id.* Even if Monsanto could identify additional expenses, courts have refused to find that incurring litigation costs is an irreparable harm. *See United States v. Washington*, 2013 WL 6328825, at *8 (W.D. Wash. Dec. 5, 2013) (not reported).

Because Monsanto has not satisfied the first two factors (likelihood of success on appeal and irreparable harm), this Court need not consider the remaining two, which are evaluated only if the movant prevails on the first two. *California Bank & Tr., LLC, Inc.*, 2015 WL 12867067, at *2 (*citing Nken*, 556 U.S. at 435). The Court may simply deny the stay on these grounds. Although the State is required to show no more, this Opposition will demonstrate that Monsanto also fails to meet its burden on the final two factors.

ATTORNEY GENERAL OF WASHINGTON
Counsel for Environmental Protection
800 5th Ave. Suite 2000, TB-14
Seattle, WA 98104-3188
(206) 464-6430

**C.  Monsanto Does Not Show That the State Will Not Be Prejudiced by a Stay.**

Monsanto contends that the State will not be prejudiced by a stay—and will, in fact, benefit—because the State will avoid "duplicative litigation costs and the risk of inconsistent rulings." Dkt. # 37 at p. 7.  Again, Monsanto does not articulate with specificity which rulings might be inconsistent or what costs might be duplicated;  it merely asserts that it is generally so without supporting evidence as required.  *See Costco Wholesale Corp.*, 2006 WL 2645183, at *4.  And, as discussed above, additional litigation expenses are not considered as a basis for entering a stay.  *See Washington*, 2013 WL 6328825, at *8.

On the contrary, it is in the State's interest to proceed with the litigation it initiated in the court that it originally selected as the proper forum for its claims.  The Ninth Circuit has recognized that where a state Attorney General brings an action in state court alleging only state law causes of action, "the 'claim of sovereign protection from removal arises in its most powerful form.' …  Removing a state's action from its own courts must 'serve[ ] an overriding federal interest.'"  *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 676 (9th Cir. 2012) (internal citations omitted).  Here, no federal interest is served by staying litigation pending Monsanto's appeal that is not likely to be successful.

**D.  Monsanto Does Not Show Any Public Interest in a Stay.**

Monsanto raises the "duplicative litigation" specter here to claim that it is in the public interest to "avoid wasting public resources on duplicative and unnecessary litigation efforts, as well as to safeguard the statutory right to appeal cases removed under the federal officer statute."  Dkt. # 37 at p. 1.  As discussed above, Monsanto fails to put flesh on the specters of duplicative litigation and inconsistent rulings, perhaps because it cannot demonstrate how these issues would arise, as a practical matter, if the stay is denied.

PLAINTIFF'S OPPOSITION
2:17-CV-00053-RSL   -   8

ATTORNEY GENERAL OF WASHINGTON
Counsel for Environmental Protection
800 5th Ave. Suite 2000, TB-14
Seattle, WA 98104-3188
(206) 464-6430

III.    **CONCLUSION**

As discussed above, Monsanto has made no showing that it will likely prevail on the merits of its federal officer defense, particularly when this Court reviewed Monsanto's substantial documentary evidence and found that lacking.  Nor can Monsanto show irreparable harm by proceeding with discovery on the merits of the State's claims.  The State would be injured by further delaying the litigation pending Monsanto's futile appeal.  And the public interest is served by allowing the State its day in court without unwarranted delay.

For these reasons, the State respectfully requests that this Court deny Monsanto's Motion and enter the order remanding this case to state court immediately.

Dated:  August 16, 2017                  Respectfully submitted,


                                         By:    s/ William R. Sherman
                                         OFFICE OF THE ATTORNEY GENERAL
                                         ROBERT W. FERGUSON
                                         Attorney General

                                         WILLIAM R. SHERMAN, WSBA #29365
                                         Assistant Attorney General
                                         800 5th Ave Suite 2000, TB-14
                                         Seattle, WA 98104-3188
                                         (206) 464-6430

                                         JONATHAN C. THOMPSON, WSBA #26375
                                         Assistant Attorney General
                                         1125 Washington Street SE
                                         P.O. Box 40100
                                         Olympia, WA  98504-0100
                                         (360) 586-6770

                                         GOMEZ TRIAL ATTORNEYS
                                         John P. Fiske (CA SBN 249256) (Pro Hac Vice)
                                         603 N. Coast Highway, Suite G
                                         Solana Beach, CA  92075
                                         (619) 261-4090

PLAINTIFF'S OPPOSITION
2:17-CV-00053-RSL  -   9

ATTORNEY GENERAL OF WASHINGTON
Counsel for Environmental Protection
800 5th Ave. Suite 2000, TB-14
Seattle, WA 98104-3188
(206) 464-6430

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARON & BUDD, P.C.
Scott Summy (Pro Hac Vice)
(Texas Bar No. 19507500)
Carla Burke Pickrel (Pro Hac Vice)
(Texas Bar No. 24012490)
Celeste Evangelisti (CA SBN 225232) (Pro Hac Vice)
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-4281
(214) 521-3605

***Attorneys for Plaintiff***

PLAINTIFF'S OPPOSITION
2:17-CV-00053-RSL  -   10

**CERTIFICATE OF SERVICE**

I hereby declare that I caused to be electronically filed the foregoing document with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to the following:

Cameron J. Hoyler choyler@kslaw.com, mmichaels@kslaw.com

Carla Burke Pickrel cburkepickrel@baronbudd.com, lphilpott@baronbudd.com, spetersen@baronbudd.com

Celeste A. Evangelisti cevangelisti@baronbudd.com, bland@baronbudd.com, cmcdougla@baronbudd.com, emcintosh@baronbudd.com, erojo@baronbudd.com, jgreen@baronbudd.com, lphilpott@baronbudd.com, spetersen@baronbudd.com, zsandman@baronbudd.com

Claire L. Rootjes crootjes@schwabe.com, centraldocket@schwabe.com, rsherwood@schwabe.com

Connie Sue Manos Martin csmartin@schwabe.com, docket@schwabe.com, tstakhnyuk@schwabe.com

Donald F. Zimmer, Jr fzimmer@kslaw.com, scollins@kslaw.com

Jennifer Campbell jcampbell@schwabe.com centraldocket@schwabe.com, rdavies@schwabe.com

John Paul Fiske jfiske@bomeztrialattorneys.com, fiske@thegomezfirm.com, jfiske@baronbudd.com, jnard@baronbudd.com, jnard@gomeztrialattorneys.com

Jonathan Craig Thompson jonat@atg.wa.gov, TriciaK@atg.wa.gov

Nicholas D. Kayhan nkayhan@kslaw.com, hhauck@kslaw.com

Megan R. Nishikawa mnishikawa@kslaw.com, dverduga@kslaw.com, yherico@kslaw.com

Scott Summy ssummy@baronbudd.com, bland@baronbudd.com, cmcdougla@baronbudd.com, emcintosh@baronbudd.com, jgreen@baronbudd.com, mmccrea@baronbudd.com, zsandman@baronbudd.com

William R. Sherman bills5@atg.wa.gov, TriciaK@atg.wa.gov, StaceyB1@atg.wa.gov, CEPSeaEF@atg.wa.gov

I declare under penalty of perjury under the laws of the state of Washington that the foregoing

is true and correct.

DATED:  August 16, 2017

By: *Tricia Kealy*
TRICIA KEALY
Legal Assistant

PLAINTIFF'S OPPOSITION
2:17-CV-00053-RSL -  11

ATTORNEY GENERAL OF WASHINGTON
Counsel for Environmental Protection
800 5th Ave. Suite 2000, TB-14
Seattle, WA 98104-3188
(206) 464-6430