UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, *et al.*,<br><br>Defendants. | Case No. C17-53RSL<br><br>ORDER DENYING MOTION FOR STAY |

This matter comes before the Court on defendants' "Motion to Stay Execution of Remand Pending Appeal." Dkt. # 37. The Court has considered the parties memoranda, filings, and the rest of the record.[1] For the following reasons, the motion is DENIED.

The State of Washington filed this environmental-contamination case in King County Superior Court against three defendants (collectively "Monsanto"), which are successor companies that, until the late 1990s, comprised different divisions of the food and chemical conglomerate Monsanto. Washington alleges that Monsanto made and sold polychlorinated biphenyls ("PCBs"), industrial compounds regulated as toxic, that now contaminate state lands and waterways. Monsanto removed the case to this Court, asserting subject matter jurisdiction because Monsanto produced the PCBs while acting under color of a federal officer or agency within the meaning of 28 U.S.C. § 1442(a)(1). The Court rejected Monsanto's argument and

---

[1] The Court concludes this motion can be decided on the papers submitted. Defendants' request for oral argument is denied.

ORDER DENYING MOTION FOR STAY - 1

remanded the case to state court. Dkt. # 36. Monsanto appealed the Court's order and filed the instant motion seeking to stay the order of remand pending appeal. Dkt. # 37.

Whether defendants are entitled to a stay pending appeal depends on "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

After weighing the relevant factors, the Court concludes a stay is not warranted. Monsanto has not made a strong showing of likely success on the merits, because the record does not sufficiently suggest that the government supervised, directed, or controlled either Monsanto's production of PCBs or its concealment of the contaminants' dangerousness. See Cabalce v. Thomas E. Blanchard & Associates, Inc., 797 F.3d 720 (9th Cir. 2015). Defendants are also unlikely to suffer irreparable harm absent a stay. Defendants will be able to pursue an appeal of the remand order—indeed, that appeal is currently ongoing. Defendants will incur some additional costs of pursuing an appeal without a stay, but those costs are unlikely to amount to irreparable injury.

Given these conclusions and because "[t]he first two factors [in the determination of a stay pending appeal] . . . are the most critical," Nken, 556 U.S. at 434, the Court need not continue its inquiry into the necessity of a stay.[2]

For the foregoing reasons, defendants' motion, Dkt. # 37, is DENIED.

---

[2] Monsanto also requests that the Court disregard Washington's response in opposition to this motion because the response was not timely filed under the applicable local filing deadlines. LCR 7(d)(3) requires that any opposition papers be filed and served no later than the Monday before the noting date. Washington's response was filed two days late. The Court takes note of Washington's tardiness and admonishes counsel to timely submit filings, if there are any, in the future, but the Court finds it unnecessary to disregard the response in its entirety.

ORDER DENYING MOTION FOR STAY - 2

DATED this 23rd day of March, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR STAY - 3